UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

UNITED STATES OF AMERICA   )
                           )
     v.                    )   Case No. 2:00-cr-119
                           )
STEPHEN AGUIAR             )

### ORDER

Defendant Stephen Aguiar has filed a series of motions, including a habeas corpus motion pursuant to 28 U.S.C. § 2255, seeking to vacate his conviction and sentence. Aguiar previously brought a substantially-similar challenge in a motion for writ of *coram nobis*, which this Court reviewed and denied (ECF No. 48). The Second Circuit subsequently affirmed the Court's ruling (ECF No. 78).

Aguiar's current claims have largely been considered by Magistrate Judge John Conroy, who issued a Report and Recommendation recommending denial of the Section 2255 habeas corpus motion. The Report and Recommendation also considered Aguiar's first motion to amend his Section 2255 filing, again recommending denial. Aguiar filed an objection to the Report and Recommendation, and has since filed two renewed motions for leave to amend his Section 2255 motion.

A district judge must make a *de novo* determination of those portions of a magistrate judge's report and recommendation to which an objection is made. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1). After appropriate review, the district judge may

"accept, reject or modify, in whole or in part" the magistrate's judge's proposed findings and recommendations. 28 U.S.C. § 636(b)(1). Here, after careful review of the file and the Magistrate Judge's Report and Recommendation (ECF No. 79), the Court **adopts** the Magistrate Judge's recommendations in full for the reasons stated in the Report. Aguiar's Section 2255 motion (ECF No. 67), motion to consider additional evidence (ECF No. 75) and motion to amend (ECF No. 77) are **denied**.

Aguiar's second and third motions for leave to amend his Section 2255 motion (ECF Nos. 84, 86) are also **denied**, as any amended filing would be untimely for the reasons set forth in the Magistrate Judge's Report and Recommendation. Similarly, Aguiar's motion to correct judgment (ECF No. 65) is **denied** as untimely. The associated motion for appointment of counsel (ECF No. 65) is **denied** as moot.

Aguiar's motion to strike this Court's acceptance of jurisdiction from the District of Massachusetts in 2011 (ECF No. 74) is **denied** as both untimely and without merit. The motion of Roxeanne McDonald for leave to file as *amicus curiae* (ECF No. 89) is **granted**. The Court reviewed Ms. McDonald's letter, but concludes that Aguiar is not entitled to relief. Aguiar's motion for an order to show cause (ECF No. 90) is **denied**.

As to the remaining pending motions, Aguiar's motion for an extension of time in which to object to the Report and

Recommendation (ECF No. 81), motion to include supplemental authority (ECF No. 83), and motions for leave to exceed the page limit (ECF Nos. 85 and 87) are **granted**.

Pursuant to Fed. R. App. P. 22(b), a certificate of appealability is **denied** because Aguiar has failed to make a substantial showing of denial of a federal right.  Moreover, his grounds for relief do not present issues which are debatable among jurists of reasons, which could have been resolved differently, or which deserve further proceedings.  *Lucidore v. New York State Div. of Parole*, 209 F.3d 107, 112 (2d Cir. 2000).

It is further certified that any appeal would not be taken in good faith, and permission to proceed *in forma pauperis* is therefore **denied**.  *See* 28 U.S.C. § 1915(a)(3).

DATED at Burlington, in the District of Vermont, this 21st day of April, 2020.

/s/ William K. Sessions III
William K. Sessions III
District Court Judge

Recommendation (ECF No. 81), motion to include supplemental authority (ECF No. 83), and motions for leave to exceed the page limit (ECF Nos. 85 and 87) are **granted**.

Pursuant to Fed. R. App. P. 22(b), a certificate of appealability is **denied** because Aguiar has failed to make a substantial showing of denial of a federal right.  Moreover, his grounds for relief do not present issues which are debatable among jurists of reasons, which could have been resolved differently, or which deserve further proceedings.  *Lucidore v. New York State Div. of Parole*, 209 F.3d 107, 112 (2d Cir. 2000).

It is further certified that any appeal would not be taken in good faith, and permission to proceed *in forma pauperis* is therefore **denied**.  *See* 28 U.S.C. § 1915(a)(3).

DATED at Burlington, in the District of Vermont, this 21st day of April, 2020.

> /s/ William K. Sessions III
> William K. Sessions III
> District Court Judge